David Shane HOLLOWELL *v*. STATE of Arkansas

CA CR 97-67                                    953 S.W.2d 588

Court of Appeals of Arkansas
Division III
Opinion delivered October 8, 1997

*Dowd, Harrelson, Moore & Giles*, by: *Gene Harrelson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly Terry*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. David Shane Hollowell was convicted of two counts of second-degree battery for abuse of his seven-year-old stepdaughter and was sentenced to six years on each count to be served consecutively. He appeals, arguing that the trial court erred in sustaining the prosecutor's objection to appellant's exercise of peremptory challenges during jury selection. We find no error and affirm.

In *Batson v. Kentucky*, 476 U.S. 79 (1986), the United States Supreme Court held that the Equal Protection Clause of the Fourteenth Amendment forbids the State's use of peremptory strikes in a purposeful, racially discriminatory way in a criminal prosecution. The procedures to be followed when a *Batson* objection is raised are well established: if a defendant makes a prima facie showing that racial discrimination is the basis for a juror challenge, the State has the burden of showing that the challenge was not based on race. If the defendant makes a prima facie case and the State fails to give a racially neutral reason for the challenge, the court is required to conduct a sensitive inquiry. *See Wooten v.*

*State*, 325 Ark. 510, 931 S.W.2d 408 (1996) *cert. denied*, 136 L. Ed. 2d 862, 117 S. Ct. 979 (1997); *Prowell v. State*, 324 Ark. 335, 921 S.W.2d 585 (1996).

■ In *Georgia v. McCollum*, 505 U.S. 42 (1992), the Supreme Court held that the Constitution prohibits criminal defendants from engaging in purposeful discrimination on the basis of race in the exercise of peremptory challenges. The Court held that if the State demonstrates a prima facie case of racial discrimination by the defendant, the defendant must articulate a racially neutral explanation for peremptory challenges.

■ In *J.E.B. v. Alabama*, 511 U.S. 127 (1994), the Supreme Court held that the Equal Protection Clause forbids intentional discrimination on the basis of gender just as it prohibits discrimination on the basis of race. The Court stated:

> As with race-based *Batson* claims, a party alleging gender discrimination must make a prima facie showing of intentional discrimination before the party exercising the challenge is required to explain the basis for the strike. When an explanation is required, it need not rise to the level of a "for cause" challenge; rather, it merely must be based on a juror characteristic other than gender, and the proffered explanation may not be pretextual.

511 U.S. 127, 144-45 (citations omitted). The Arkansas Supreme Court has recognized the applicability of the principles announced in *J.E.B.* in criminal cases in Arkansas. *See Cleveland v. State*, 318 Ark. 738, 888 S.W.2d 629 (1994).

In the case at bar, the prosecutor raised a *Batson*-type objection to the defendant's apparently gender-based use of peremptory challenges to strike prospective jurors who were women. Ultimately, the court refused to allow two of defendant's peremptory challenges finding that they were based on gender. The jury that was seated consisted of seven women and five men, with the State having used five peremptory strikes and the defendant having used seven.

Appellant's first argument on appeal is that the trial court erred in applying the *Batson* standard to the prosecutor's objection of gender discrimination regarding the defense's use of perempto-

ries. While recognizing that *McCollum* prohibits a criminal defendant from exercising peremptories in a discriminatory way based on race, and that *J.E.B.* expanded the *Batson* doctrine to prohibit prosecutors from exercising peremptories in a discriminatory way based on gender, appellant argues that neither the Supreme Court nor courts in Arkansas have ruled that the *Batson* doctrine applies to defense counsel in a criminal case when exercising peremptory challenges based on gender. Therefore, appellant argues, the trial court abused its discretion in sustaining the prosecutor's objection "because there was no legal basis upon which to object or sustain an objection."

We disagree. In *J.E.B.* the Supreme Court said:

> Today, we reaffirm what, by now, should be axiomatic: Intentional discrimination on the basis of gender by state actors violates the Equal Protection Clause[.]
>
> . . . .
>
> [T]he Equal Protection Clause prohibits discrimination in jury selection on the basis of gender, or on the assumption that an individual will be biased in a particular case for no reason other than the fact that the person happens to be a woman or happens to be a man.

511 U.S. at 130-31, 146.

The equal protection right referred to in all the cases belongs to the prospective juror. *See, e.g., Batson v. Kentucky*, *supra.* The juror has a right not to be struck peremptorily solely on the basis of race or gender. The standards governing proof of discriminatory intent established by *Batson* for racially motivated strikes apply to gender based strikes. *J.E.B., supra; Cleveland v. State, supra.* A defendant in a criminal case may not exercise his peremptory challenges in a racially discriminatory manner. *Georgia v. McCollum, supra.* In *McCollum* the Court held that the defendant is a "state actor" in this context and that the State has standing to raise the issue. *McCollum*, 505 U.S. at 55-56. It is sufficiently clear that under the decisions of the Supreme Court a defendant in a criminal case may not engage in purposeful gender discrimination in the exercise of peremptory challenges of prospective jurors. Other state courts have reached the same conclusion. *State v. Turner*, 879 S.W.2d 819 (Tenn. 1994); *Commonwealth*

*v. Fruchtman*, 633 N.E.2d 369 (Mass. 1994), *cert. denied*, 513 U.S. 951 (1994) (based, at least in part, on state law).

Appellant's remaining argument is that, if the *Batson* standard applies, the trial court erred in its application of the standard and that its findings were clearly against a preponderance of the evidence. We disagree.

In the case at bar, the prosecutor objected when the defense struck the first female prospective juror. The trial court indicated that there had yet been no pattern shown. When the defense struck the second female potential juror, the prosecution again objected. The following exchange took place:

> COURT: Is there any other excuse other than being women?
> DEFENSE COUNSEL: No. I didn't like her look.
> COURT: What about her looks?
> DEFENSE COUNSEL: Pregnant.
> COURT: If you are going to excuse all the women, I'm not going to let you unless there's some kind of reasoning.
> DEFENSE COUNSEL: I have only excused two.
> COURT: I know. I'm just telling you. Next one I'd like to have some reasoning for cause from something said or something you can tell me that you —
> DEFENSE COUNSEL: All right.

The defense attempted to strike the third female potential juror, and the prosecution again objected:

> PROSECUTOR: Your Honor, we would object once again that there's definitely a pattern that's developed. We've had three women coming up and three struck for no reason other than that I could tell other than they were women.
> DEFENSE: She's from Wisconsin and I've just always had — Army.
> COURT: I'm not going to let you strike her for that reason. Do you have a better reason?
> DEFENSE: You're going to make me put some women on the jury. I guess I just —
> . . . .
> DEFENSE: I have got to take Mrs. Wilson, huh? You don't want me to strike any woman?
> COURT: What's the real reason?

DEFENSE: How about she works at the Christian Academy School.

COURT: No.

DEFENSE COUNSEL: These are peremptory challenges, Your Honor. These aren't —

PROSECUTOR: It's the same as having a black juror now. It's the same standard, exactly the same.

DEFENSE COUNSEL: I don't like this particular one.

PROSECUTOR: We always have to have a reason to use a peremptory challenge on any —

COURT: Some reason.

DEFENSE COUNSEL: All right.

COURT: Well, if she works with little kids there, it may be — it's close. I may let you strike her, but this other one, just because she's from Wisconsin.

DEFENSE COUNSEL: All right.

PROSECUTOR: Yes, sir.

After that juror was seated, two more women were seated without objection from the defense. The prosecution then struck a female, and the defense was allowed to excuse the next female potential juror. When another female potential juror was called and the defense attempted to strike, the following exchange took place:

PROSECUTOR: Your Honor, once again, we'd just ask for some type of reason.

COURT: What's your reason?

DEFENSE COUNSEL: She has grown children at home and I feel like she was going to start thinking about her children. This little girl — and they're all girls. If they weren't all girls, but I just feel like she's going to start having a bias against him.

PROSECUTOR: Your Honor, in response to that, that could apply to any female with children. I think — I realize it's not reason for cause, but there has to be some real reason. That's — like I said, having children would apply to anybody out there with children. I think you're still talking about class of women. I think that he would need, although not enough for cause, something more than that.

DEFENSE COUNSEL: Well, what it is, Judge, if I strike one and you put them back on there, you're going to get the jury mad at me because I struck them.

PROSECUTOR: Well, from our point —

COURT: If you want to strike one, you probably ought to come up here like he's been doing.

DEFENSE COUNSEL: All right. We'll do this one then.

PROSECUTOR: We just voiced our objection as to this juror. I think there hasn't been reason shown to strike Mrs. Samson.

COURT: I don't think so either.

DEFENSE COUNSEL: That's going to be two that you made me put on there. They're going to be biased against me. I'm afraid — I'll start coming up here when we do that.

COURT: You excused one without cause.

DEFENSE COUNSEL: Well, I think that is cause. She's got three little girls and —

COURT: Enough reason would be a good question to appeal on. It appears you're trying to get rid of all the women with the slightest of excuses.

DEFENSE COUNSEL: I'm not going to object to that.

■■ The trial court must determine from all relevant circumstances the sufficiency of a neutral explanation, and the standard of review is whether the trial court's determination is clearly against a preponderance of the evidence. *See Colbert v. State*, 304 Ark. 250, 801 S.W.2d 643 (1990). We afford great deference to the trial court's exercise of discretion in determining discriminatory intent relating to the use of a peremptory strike. *Sonny v. Balch Motor Co.*, 328 Ark. 321, 944 S.W.2d 87 (1997). In *Sonny* the court said:

> In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed. There will seldom be much evidence bearing on that issue, and the best evidence often will be the demeanor of the attorney who exercises the challenge. . . . [T]he state of mind of a juror. . .based on demeanor and credibility lies "peculiarly within a trial judge's province."

328 Ark. 321, 326 (1997) (quoting *Hernandez v. New York*, 500 U.S. 352 (1991), in turn quoting *Wainwright v. Witt*, 469 U.S. 412 (1985)). Given the exchanges between the trial court and defense counsel, we cannot say that the trial court abused its discretion in remaining unpersuaded by counsel's offer of gender-neutral explanations. Nor can we say that the trial court's determination is clearly against a preponderance of the evidence.

Affirmed.

MEADS, J., agrees.

ROAF, J., concurs.